NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARLON ERNESTO GARCIA, AKA Pedro Antonio Castro, AKA Pablo Escobar, AKA Marlon Ernest Garcia, | No. 15-72020 |
| Petitioner, | Agency No. A205-719-962 |
| v. | MEMORANDUM* |
| JEFFERSON B. SESSIONS III, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2018**

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Marlon Ernesto Garcia, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum and withholding

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of removal.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Garcia's request for humanitarian asylum relief because he failed to raise it to the agency.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

In his opening brief, Garcia does not challenge the agency's dispositive denial of asylum as time-barred.  *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).  Thus, we deny the petition as to Garcia's asylum claim.

Substantial evidence supports the agency's finding that Garcia failed to establish past persecution.  *See Al-Harbi v. INS*, 242 F.3d 882, 889 (9th Cir. 2001) ("Punishment on account of desertion generally does not support refugee status, unless it can be shown that such punishment is based on political opinion or another statutorily-protected ground.").  Further, the BIA did not err by declining to consider Garcia's arguments regarding the punishment for desertion in El Salvador.  *See Matter of J–Y–C–*, 24 I. & N. Dec. 260, 261 n.1 (BIA 2007) (issues

not raised to the IJ are not properly before the BIA on appeal).  Substantial evidence also supports the agency's conclusion that Garcia failed to establish it is more likely than not he would be persecuted if returned to El Salvador.  *See Fakhry v. Mukasey*, 524 F.3d 1057, 1066 (9th Cir. 2008) (evidence did not compel a finding that it is more likely than not petitioner would be persecuted upon his return to Senegal).  Thus, Garcia's withholding of removal claim fails.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**